**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EVA ACEVEDO ORTEGA, VERONICA ALEJANDRA LOPEZ GUZMAN, and ERIK DAVID MARTINEZ,** individually and on behalf of all others similarly situated, | Case No. 2:26-cv-00644-DRC-KAJ |
| *Plaintiffs*, | Judge Douglas R. Cole |
| v. | Magistrate Judge Kimberly A. Jolson |
| **THE LISINSKI LAW FIRM, LLC,** an Ohio Limited Liability Company; **ANGELYNE E. LISINSKI,** an individual; **JUAN CHINCHILLA,** an individual; and **REA SINGH,** an individual, | |
| *Defendants*. | |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants The Lisinski Law Firm, LLC ("LLF"), Angelyne E. Lisinski ("Ms. Lisinski"), and Juan Chinchilla ("Mr. Chinchilla") and collectively, "Defendants"), by and through their undersigned counsel, respectfully move the Court to strike the following matter from the Plaintiffs, Eva Acevedo Ortega ("Ms. Acevedo Ortego"), Veronica Alejandra Lopez Guzman ("Ms. Lopez Guzman"), and Erik David Martinez ("Mr. Martinez" and collectively, "Plaintiffs") First Amended Class Action Complaint (ECF No. 15, "FAC"):

(1) Paragraphs 135 through 137. These paragraphs allege, solely "[u]pon information and belief" and without any identified factual basis, that Defendants are the subject of a federal

investigation and engaged in obstruction;

(2) Footnotes 1 and 2. These footnotes describe the Washington bar resignation of non-party Alexandra Lozano, which has no bearing on any claim against Defendants;

(3) The inflammatory language identified in Exhibit A; and

(4) The demand in Paragraph 272 for treble damages on behalf of the putative Colorado Subclass. C.R.S. § 6-1-113(2) and (2.9) bar that remedy in a class action. This request is made in the alternative to the Motion to Dismiss filed concurrently by Defendants LLF, Ms. Lisinski, and Mr. Chinchilla (the "Omnibus Motion to Dismiss").

The challenged matter is immaterial, impertinent, or scandalous, and it is unnecessary to any claim Plaintiffs assert. Defendants make the request in item (4) only in the alternative, if the Court does not dismiss Count IV under the Omnibus Motion to Dismiss. They make the request to strike the language identified in Exhibit A, Items 19 and 20, in the alternative to striking Paragraphs 135 through 137. The grounds for this Motion are set forth in the attached Memorandum in Support.

Dated: October 26, 2026

By: /s/ *David M. DeVillers*

David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 S. High St. Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-0096
Fax: (614)-628-1433
DDeVillers@btlaw.com
Trial Counsel

Jason P. Mehta (*pro hac vice* forthcoming)
Florida Bar No. 106110
Foley & Lardner LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
813.225.5424
jmehta@foley.com

Tam C. Wheat (*pro hac vice* forthcoming)
California Bar No. 352916
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4500
twheat@foley.com

Michelle A. Freeman (*pro hac vice* forthcoming)
Michigan Bar No. P79790
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
313.234.7100
mfreeman@foley.com

*Attorneys for Defendants The Lisinski Law Firm, LLC; Angelyne E. Lisinski and Juan Chinchilla*

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

## I. INTRODUCTION

Plaintiffs' claims arise from immigration services LLF provided to three former clients, yet the seventy-page FAC includes allegations and rhetoric far removed from those dealings. To make up for their inability to plead facts supporting their claims, Plaintiffs fill the FAC with inflammatory rhetoric and allegations about non-parties designed to damage Defendants' reputations in the community and before this Court. Rule 12(f) exists to protect against exactly this tactic.

Specifically, Plaintiffs allege (i) only "[u]pon information and belief" that LLF's conduct triggered a federal investigation, *id.* ¶¶ 135–37; (ii) the disciplinary history of a non-party attorney in another state, *id.* at 15 fn.1–2; and (iii) inflammatory characterizations of LLF and Ms. Lisinski's practice, including descriptions of LLF as an "industrialized immigration factory disguised as a legitimate law practice," and its operations as a "predatory system" with "catastrophic" consequences, *id.* at 2–3, ¶¶ 1, 16, 20, 36, 73, 138, 140; *see* Ex. A. Separately, the FAC demands a treble-damages remedy on behalf of a putative Colorado Subclass that the Colorado Consumer Protection Act ("CCPA") does not permit in a class action, Colo. Rev. Stat. § 6-1-101 *et seq.* FAC ¶ 272.

Defendants' concurrently-filed Omnibus Motion to Dismiss demonstrates Plaintiffs failed to adequately plead their claims. Separately, this Motion presents the narrower question whether Plaintiffs may burden the public record with allegations that are immaterial, impertinent, or prejudicial, and demand relief unavailable as a matter of law. Defendants do not ask the Court to resolve factual disputes or strike allegations on which Plaintiffs' claims depend. Rather, Defendants ask only that the Court remove three discrete categories of improper allegations and

one class-wide remedy the CCPA expressly forecloses. None are necessary to Plaintiffs' claims, and none belong in the FAC.

## II. STATEMENT OF FACTS

LLF is an immigration law firm headquartered in Powell, Ohio. FAC ¶ 35.[1] Plaintiffs are three former LLF clients who allege that they paid the firm for immigration services and that U.S. Citizenship and Immigration Services ("USCIS") rejected or denied immigration petitions LLF filed on their behalf. *Id.* ¶¶ 26–34, 171, 206. Based on the legal services LLF provided, Plaintiffs filed their seventy-page FAC, which attempts to assert four counts for: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), against Ms. Lisinski; (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all Defendants; (3) breach of fiduciary duty/ the duty of loyalty under Ohio common law against Ms. Lisinski and LLF; and (4) violations of the CCPA against Ms. Lisinski and LLF on behalf of a putative Colorado Subclass. FAC ¶¶ 236–72.

The FAC includes allegations, solely "[u]pon information and belief" and without any factual basis, that LLF was subject to USCIS investigation and Defendants engaged in obstruction related to that supposed investigation. *Id.* ¶¶ 135-37. Plaintiffs also include allegations regarding non-party Washington attorney Alexandra Lozano, which are untethered to Plaintiffs' claims. *Id.*, fn. 1, 2. The FAC also is replete with scandalous and impertinent characterizations of LLF, identified more fully in Exhibit A hereto. Incredibly, Plaintiffs also seek treble damages, a remedy foreclosed by the very statute under which it is sought. As explained in Section IV below, the allegations and relief described herein should be stricken.

[1] Defendants summarize only the background necessary to resolve this Motion, drawing from the FAC and assuming its allegations are true solely for present purposes. Defendants' concurrently filed Omnibus Motion to Dismiss provides a fuller account of the FAC's allegations.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The rule allows courts to dispose of spurious issues early and thereby "avoid the expenditure of time and money" required to litigate them. *Operating Eng'rs. Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)); *see also Student Res. Ctr., LLC v. Eastern Gateway Cmty. Coll.*, No. 2:22-cv-2653, 2023 WL 6213678, at *8 (S.D. Ohio Sept. 25, 2023) (explaining that a motion to strike may spare the parties and the court the time and expense of litigating issues that cannot affect the outcome).

District courts have "broad discretion in determining whether to grant a motion to strike." *McKinney v. Bayer Corp.*, No. 10-CV-224, 2010 WL 2756915, at *2 (N.D. Ohio July 12, 2010). In exercising that discretion, a court may strike allegations without deciding whether related information might later be discoverable or admissible. *Id.* at *2, n.2. Rule 12(f) also permits courts to strike a demand for relief that is unavailable as a matter of law. *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996) ("A prayer for relief not available under the applicable law . . . is properly subject to a motion to strike."); *see also Wrench LLC v. Taco Bell Corp.*, 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998) ("A motion to strike should also be granted where the requested relief is unavailable.").

Immaterial and impertinent allegations are those that are irrelevant or unnecessary to the issues presented. More specifically, impertinent allegations "do not pertain or are not necessary to the issues in question," while immaterial allegations "have no bearing on the subject matter of the litigation." *New Day Farms, LLC v. Bd. of Trs. of York Twp.*, No. 2:08-cv-1107, 2009 U.S. Dist. LEXIS 130429, at *8 (S.D. Ohio June 10, 2009); *Johnson v. Cnty. of Macomb*, No. 08-10108,

2008 WL 2064968, at *1 (E.D. Mich. May 13, 2008); *Turner v. Myers & Myers, PLLC*, No. 25-11040, 2026 WL 2455024, at *3 (E.D. Mich. Aug. 21, 2026). Because the concepts substantially overlap, courts often address them together. *See Weaver v. COX Transp. Servs., Inc.*, No. 2:23-cv-02596-JTF-tmp, 2024 WL 4529577, at *1 (W.D. Tenn. Oct. 18, 2024) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2012). Scandalous matters, by contrast, include allegations that "unnecessarily reflect[] on the moral character of an individual" or use "repulsive language that detracts from the dignity of the court." *McKinney,* 2010 WL 2756915, at *1 (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

Although motions to strike are generally disfavored, they are appropriate when the challenged matter has no possible relation to the controversy or would prejudice the moving party. *See Operating Eng'rs.*, 783 F.3d at 1050; *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (explaining a motion to strike should be granted when the challenged matter "has no possible relation to the controversy"). As shown below, each category of material challenged here satisfies that standard.

## IV. <u>ARGUMENT</u>

The challenged material cannot affect the outcome of this case and only would require the parties and the Court to litigate collateral issues. *See Operating Eng'rs.*, 783 F.3d at 1050 (explaining Rule 12(f) avoids the time and expense of litigating spurious issues); *Student Res. Ctr.*, 2023 WL 6213678, at *8; *McKinney*, 2010 WL 2756915, at *2. Defendants therefore ask the Court to strike four discrete categories of material: (1) the unsourced allegations in Paragraphs 135–37 concerning a federal investigation; (2) the references in Footnotes 1 and 2 to non-party Alexandra Lozano's unrelated professional discipline; (3) the inflammatory and argumentative language identified in Exhibit A; and (4) the Colorado Subclass's request for treble damages under the

CCPA, which the statute does not permit in a class action. Each category independently warrants relief under Rule 12(f).

### A. The Unsourced Allegations of a Federal Investigation and Purported Obstruction Are Scandalous and Immaterial and Should Be Stricken.

The FAC's most serious allegations are also among its least supported. Based only "[u]pon information and belief," Plaintiffs allege that, in 2024—two years before this action was filed—LLF's conduct "triggered an active, multi-case federal investigation by USCIS adjudicators." FAC ¶ 135. Plaintiffs further allege that, after learning federal authorities had "flagged their operational pattern," Defendants launched "an extraordinary campaign of investigation tampering and cover-up." *Id.* ¶ 136. According to the FAC, Defendants flew clients to Ohio, "heavily coached" them to memorize "fabricated narratives," and sent firm employees to USCIS interviews to act "surreptitiously" as Spanish-language interpreters and conceal their connection to Ms. Lisinski. *Id.* ¶ 137. Yet the FAC identifies no source for these allegations, no investigating official, no investigative action, no client who was allegedly coached, and no USCIS interview at which the alleged conduct occurred – or even when in the entire year of 2024 this purported investigation and cover up took place. Nor does any named Plaintiff allege personal involvement in, or knowledge of, these events.

Allegations of this kind fall squarely within Rule 12(f). An unsupported accusation that a party obstructed a federal investigation "unnecessarily reflects on the moral character" of that party. *McKinney*, 2010 WL 2756915, at *1. Courts likewise strike allegations that a party is or was the subject of a governmental investigation when those allegations lack factual support and are highly prejudicial. *See United States v. A Leasehold Interest in Prop. Located at 850 S. Maple, Ann Arbor, Washtenaw Cnty., Mich.*, 743 F. Supp. 505, 512 (E.D. Mich. 1990) (allegations of prior governmental investigations were "immaterial, impertinent and highly prejudicial, and therefore,

must be stricken from the Complaint"); *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 549 (D.N.M. 2019); *see also Johnson (Macomb)*, 2008 WL 2064968, at *1–2 (striking allegation that a government official was "related to a person with 'known ties to organized crime'" as "scandalous and immaterial"). And courts strike unsubstantiated accusations of criminal conduct when they are "included to inflame a factfinder, without contributing to the conventional claims the plaintiffs tr[ied] to raise." *Llewellyn-Jones v. Metro. Prop. Grp., LLC*, 22 F. Supp. 3d 760, 777 (E.D. Mich. 2014).

Paragraphs 135 through 137 place on the public record an accusation that Defendants engaged in criminal conduct without identifying any factual basis beyond Plaintiffs' asserted "belief." While making allegations based upon information and belief is permitted, that does not give Plaintiffs license to lob unfounded allegations of criminal conduct without identifying some factual basis for an accusation of this gravity. Put differently, although a plaintiff may plead on information and belief when relevant facts are outside the plaintiff's personal knowledge, the plaintiff still must have "sufficient data to justify interposing an allegation on the subject." *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 447–48 (6th Cir. 2014) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224 (3d ed. 2012)). And even when the alleged facts are peculiarly within another party's knowledge (which is not the case here, given a federal investigation supposedly involving many LLF clients could be discovered by, at minimum, a FOIA request or contacting at least one involved client), the plaintiff must still identify facts supporting the asserted belief. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 512 (6th Cir. 2007); *Sanderson v. HCA–The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006). As the Sixth Circuit observed in *Starkey*, reliance on information-and-belief pleading may suggest that "not even the [plaintiffs] [we]re sure" the alleged conduct occurred. 573 F. App'x at 448.

Plaintiffs' allegations illustrate precisely why the information-and-belief qualifier does not provide the missing factual foundation. Even assuming a federal investigation existed, its existence is not an element of, or necessary to, any claim in the FAC. Nor do Plaintiffs identify obstruction of a USCIS investigation as a RICO predicate act. The FAC provides no factual basis for Plaintiffs' asserted belief, and no named Plaintiff claims personal knowledge of the alleged 2024 events. FAC ¶¶ 135–37; *see Starkey*, 573 F. App'x at 447–48; *Bledsoe*, 501 F.3d at 512. Nor are the relevant facts peculiarly within Defendants' knowledge. Whether USCIS opened an investigation—and, if so, its scope—is information known to the federal government. By Plaintiffs' own account, the alleged coaching and interpretation involved LLF clients and the federal officers who interviewed them. *Id.* Any client who was coached would know that firsthand, and Plaintiffs, themselves former LLF clients, purport to represent those clients. FAC ¶¶ 26–34, 222–23; *see Bledsoe*, 501 F.3d at 512.

Given the foregoing, these allegations should be stricken under Rule 12(f). By placing unsupported accusations of federal criminal conduct on the public record, paragraphs 135 through 137 threaten Defendants' professional reputations and would expand this case into collateral discovery concerning whether an investigation existed, its scope, and Defendants' alleged response, which has no bearing on any of the claims the Plaintiffs attempt to assert. *See McKinney*, 2010 WL 2756915, at *2; *Student Res. Ctr.*, 2023 WL 6213678, at *8. The Court therefore should strike paragraphs 135 through 137 of the FAC.

### B. The References to a Non-Party Attorney's Unrelated Professional Discipline Are Immaterial and Prejudicial and Should Be Stricken.

Footnotes 1 and 2 recount the disciplinary history of Alexandra Lozano, a non-party Washington attorney, which has no bearing on Defendants' alleged conduct. Specifically, the footnotes state that, on May 26, 2026, Ms. Lozano "officially resigned her license to practice law

in the State of Washington in lieu of facing disciplinary charges" and that her business now operates under a different name. FAC at 15 fn.1–2. Plaintiffs separately allege Ms. Lisinski licensed operational materials from Ms. Lozano in or around 2021. *Id.* ¶¶ 73–74. A Washington attorney's disciplinary matter, resolved approximately five years after Ms. Lisinski's purported relationship with Ms. Lozano, has no tendency to show what any Defendant did, said, or knew in dealing with any Plaintiff. Nor do the footnotes allege that the disciplinary matter involved Defendants or any Plaintiff. *See U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-03-06-371, 2007 WL 1026421, at *12–13 (S.D. Ohio Mar. 29, 2007) (striking allegations concerning an unrelated bribery scandal because plaintiff failed to establish any connection between scandal and its claims).

Plaintiffs' characterization of Ms. Lozano as a member of the alleged enterprise and an "upstream co-conspirator[]" does not make her subsequent discipline relevant. FAC ¶¶ 237(9), 247. Accepting that characterization for present purposes, Ms. Lozano's 2026 resignation says nothing about whether any Defendant committed a predicate act, joined a conspiracy, or breached a duty to any Plaintiff. Plaintiffs' theory of Ms. Lozano's role instead rests on the alleged licensing arrangement; Ms. Lozano's disciplinary history is entirely irrelevant to that supposed arrangement. *Id.* ¶¶ 73–79, 239. *See Llewellyn-Jones*, 22 F. Supp. 3d at 777 (striking allegations that associated defendants with a terrorist organization because, "[e]ven if the allegations [were] true," they were immaterial and no "claim for relief depend[ed] on" them); *Doe by Doe v. Piraino*, 688 F. Supp. 3d 635, 667 (M.D. Tenn. 2023) (striking as "completely immaterial" allegations that defendant had been arrested for public intoxication).

Therefore, footnotes 1 and 2 are both immaterial and prejudicial. They invite guilt by association by suggesting that, because a non-party attorney later resigned her license, Defendants

must have engaged in similar misconduct. But Ms. Lozano's discipline has no connection to the conduct alleged here, and placing it in the FAC does not advance any claim. That the resignation may be publicly reported elsewhere does not make it relevant to this case or eliminate the prejudice created by including it in the pleading. Striking the footnotes would leave intact Plaintiffs' allegations concerning the licensing arrangement itself, FAC ¶¶ 73–79, which Defendants address on the merits in their Omnibus Motion to Dismiss. The Court should therefore strike Footnotes 1 and 2.

**C. The Inflammatory and Argumentative Rhetoric Identified in Exhibit A Is Immaterial, Impertinent, and Scandalous and Should Be Stricken.**

The FAC repeatedly substitutes inflammatory labels for factual allegations. It describes LLF as an "industrialized immigration factory disguised as a legitimate law practice" and accuses defendant Rea Singh of using an intake protocol "to weaponize non-attorney staff." FAC at 2–3, ¶¶ 1, 20, 249(2). None of this rhetoric is necessary to state Plaintiffs' claims. Exhibit A identifies the specific language Defendants ask the Court to strike. Items 19 and 20, drawn from paragraphs 136 and 137, are requested in the alternative if the Court declines to strike those paragraphs in full as requested in Section IV.A, *supra*.

Courts routinely strike inflammatory characterizations that are unnecessary to any claim, serve only to inflame, or cast "a cruelly derogatory light on a party or other person." *Johnson (Macomb)*, 2008 WL 2064968, at *1 (internal quotation marks omitted). In *Turner v. Myers & Myers, PLLC*, for example, the court struck "cruel, abhorrent language" characterizing a party as a "humanoid-like organism" and "humanoid-like vegetable." 2026 WL 2455024, at *5, *13. Similarly, *Johnson (Macomb)* struck as scandalous and immaterial an allegation that a government official was related to a person with "known ties to organized crime." 2008 WL 2064968, at *1–2. Likewise, *Llewellyn-Jones* struck allegations in a RICO and fraud complaint that were unrelated

to the alleged predicate acts and "included to inflame a factfinder." 22 F. Supp. 3d at 776–77. The labels identified in Exhibit A suffer from the same defect: they characterize and disparage Defendants rather than allege facts necessary to Plaintiffs' claims.

Striking the language identified in Exhibit A would leave intact every factual allegation on which Plaintiffs' claims depend. Descriptions of LLF as an "industrialized immigration factory disguised as a legitimate law practice" and of its operations as a "predatory system" with "catastrophic" consequences do nothing to advance Plaintiffs' RICO, breach-of-fiduciary-duty, or consumer-fraud claims. As in *Llewellyn-Jones*, no "claim for relief depend[s] on" that rhetoric. 22 F. Supp. 3d at 777. Because the challenged language adds nothing to Plaintiffs' claims and serves only to disparage Defendants, it is immaterial, impertinent, and scandalous under Rule 12(f). The Court should therefore strike the language identified in Exhibit A.

**D. The Colorado Subclass's Treble-Damages Demand Is Statutorily Barred and Should Be Stricken.**

For Count IV, Plaintiffs seek "statutory treble damages" on behalf of the Colorado Subclass under the CCPA, Colo. Rev. Stat. § 6-1-101 *et seq.* FAC ¶¶ 265–72. The statute does not permit that relief in a class action. Section 6-1-113(2), which authorizes the greater of actual damages, $500, or treble damages upon clear-and-convincing proof of bad faith, applies "[e]xcept in a class action." Colo. Rev. Stat. § 6-1-113(2). A certified class may instead recover only "actual damages, injunctive relief allowed by law, and reasonable attorney fees and costs." *Id.* § 6-1-113(2.9). *See Carter v. Amica Mut. Ins. Co.*, No. 17-cv-02156-RM-MEH, 2018 WL 3093320, at *8–10 (D. Colo. June 22, 2018) (recommending, in the alternative, dismissal of putative class's claims for "actual and triple monetary damages"), *R. & R. adopted*, 2018 WL 4368668 (D. Colo. July 11, 2018); *Pearson v. Geico Cas. Co.*, No. 17-cv-02116-CMA-MEH, 2018 WL 2096348, at *9–10 (D. Colo. May 7, 2018) (recommending, in the alternative, dismissal with prejudice of class statutory-

damages claims); *see also Allstate Ins. Co. v. Cruz*, 733 F. Supp. 3d 1098, 1110–11 (D. Colo. 2024) (explaining the 2022 addition of subsection (2.9) reinforces the conclusion that class plaintiffs may not recover treble damages).

The purported Colorado Subclass's treble-damages demand is ripe for resolution now under Rule 12(f). Defendants do not ask the Court to decide whether the Colorado Subclass can be certified. The question presented is purely legal: whether the CCPA permits a class to recover treble damages. It does not, and no fact developed in discovery or at certification can change that answer. Because the unavailable remedy appears on the face of the FAC, Rule 12(f) permits the Court to strike it at the pleading stage. *See Johnson*, 926 F. Supp. at 875; *Wrench*, 36 F. Supp. 2d at 789. Consistent with that principle, courts applying Section 6-1-113 have resolved the availability of class-wide monetary relief before any class certification motion. *See Carter*, 2018 WL 3093320, at *8–10; *Pearson*, 2018 WL 2096348, at *9–10. At bottom, Plaintiffs have expressly sought certification and requested treble damages for the Colorado Subclass as a whole, despite the statute's unambiguous language precluding such relief in a class action. FAC ¶¶ 223, 272. Plaintiffs' treble damages request therefore should be stricken.[2]

Further, because the CCPA bars treble damages in a class action, the purported Colorado Subclass's demand for "statutory treble damages upon proof of bad faith," FAC ¶ 272, is immaterial under Rule 12(f). A remedy the Court cannot award to a certified class has no bearing on any issue the Court must decide. *See The Ltd., Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 842,

---

[2] Indeed, the relief sought here is narrower than the relief granted in *Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 3d 1257, 1271 (D. Colo. 2023), where the court granted a Rule 12(f) motion to strike class allegations in an action asserting a CCPA claim. *See also Carter*, 2018 WL 3093320, at *8–10 (recommending of putative class's claims for "actual and triple monetary damages" as alternative relief); *Pearson*, 2018 WL 2096348, at *9–10 (recommending dismissal with prejudice of class statutory-damages claims as alternative relief) Here, Defendants do not ask the Court to strike the class allegations, limit any class claim for actual damages, or decide what relief a named Plaintiff might seek individually if certification is denied. They ask only that the Court strike, as immaterial, the one class-wide remedy the statute forecloses: "statutory treble damages upon proof of bad faith." FAC ¶ 272.

845 (S.D. Ohio 2001) (striking punitive damages demand as "inconsistent with the Carmack Amendment" and "immaterial for this case pursuant to Rule 12(f)"); *see also Johnson (Macomb)*, 2008 WL 2064968, at *1 (explaining motion to strike "should . . . be granted where the requested relief is unavailable"). Leaving the demand in the FAC would invite unnecessary discovery and briefing on a bad-faith theory that "would not affect the outcome of the case." *Student Res. Ctr.*, 2023 WL 6213678, at *8. The Court therefore should strike the purported Colorado Subclass's demand for "statutory treble damages upon proof of bad faith" in paragraph 272.[3]

## V. <u>CONCLUSION</u>

Defendants do not seek to prevent Plaintiffs from pleading their claims. If the Court grants this Motion, every factual allegation on which Plaintiffs' RICO, fiduciary-duty, and CCPA claims depend will remain in the FAC and may be adjudicated on the merits, including through Defendants' concurrently filed Omnibus Motion to Dismiss. This Motion targets only four categories of material that add nothing to those claims: an unsourced accusation that Defendants obstructed a federal investigation; the unrelated disciplinary history of a non-party attorney; inflammatory, non-substantive rhetoric designed solely to prejudice the Defendants; and a class-wide treble-damages demand the CCPA does not permit. This material places damaging and irrelevant accusations against Defendants on the public record and invites collateral litigation over matters that cannot affect the outcome. Rule 12(f) permits the Court to remove precisely this type of material and keep the case focused on the conduct actually relevant to the claims Plaintiffs attempt to assert.

[3] Defendants' Omnibus Motion to Dismiss, filed simultaneously herewith, separately explains why Plaintiffs failed to state a claim under the CCPA, warranting dismissal of Count IV. Defendants' request to strike Plaintiffs' treble damages demand is made in the alternative to their request to dismiss Count IV in its entirety.

Accordingly, Defendants respectfully request that the Court grant this Motion and strike from the FAC: (1) Paragraphs 135 through 137; (2) Footnotes 1 and 2; (3) the language identified in Exhibit A; and (4) the request for "statutory treble damages upon proof of bad faith" on behalf of the Colorado Subclass in Paragraph 272.

Dated: October 26, 2026

By: /s/ *David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 S. High St. Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-0096
Fax: (614)-628-1433
DDeVillers@btlaw.com
Trial Counsel

Jason P. Mehta (*pro hac vice* forthcoming)
Florida Bar No. 106110
Foley & Lardner LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
813.225.5424
jmehta@foley.com

Tam C. Wheat (*pro hac vice* forthcoming)
California Bar No. 352916
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4500
twheat@foley.com

Michelle A. Freeman (*pro hac vice* forthcoming)
Michigan Bar No. P79790
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
313.234.7100
mfreeman@foley.com

*Attorneys for Defendants The Lisinski Law Firm, LLC; Angelyne E. Lisinski and Juan Chinchilla*