**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EVA ACEVEDO ORTEGA, VERONICA ALEJANDRA LOPEZ GUZMAN,** and **ERIK DAVID MARTINEZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE LISINSKI LAW FIRM, LLC,** an Ohio Limited Liability Company;<br>**ANGELYNE E. LISINSKI,** an individual;<br>**JUAN CHINCHILLA,** an individual; and<br>**REA SINGH,** an individual,<br><br>*Defendants*. | Case No. 2:26-cv-00644-DRC-KAJ<br><br>District Judge Douglas R. Cole<br><br>Magistrate Judge Kimberly A. Jolson |

**SUMMARY OF DEFENDANTS' MOTION TO DISMISS**

Defendants the Lisinski Law Firm, LLC ("LLF"), Ms. Angelyne E. Lisinski, and Mr. Juan Chinchilla move under Rule 12(b)(6) to dismiss the First Amended Complaint ("FAC") with prejudice. The FAC recasts dissatisfaction with legal representation as a federal racketeering case. Yet even after amendment, the FAC fails to link any Plaintiff's payment to a particularized misrepresentation by an identified speaker using the wires or mails.

RESPECTFULLY SUBMITTED,

*/s/ David M. DeVillers*
David M. DeVillers (0059456)
Trial Attorney
Barnes &Thornburg LLP

41 S. High Street Suite 3300
Columbus, OH 43215-6104
Telephone: 614-628-1446
Email: ddevillers@btlaw.com

*Attorney for Defendants The Lisinski Law Firm, LLC, Angelyne E. Lisinski, and Juan Chinchilla*

Jason P. Mehta (*pro hac vice* forthcoming)
Florida Bar No. 106110
Foley & Lardner LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
813.225.5424
jmehta@foley.com

Tam C. Wheat (*pro hac vice* forthcoming)
California Bar No. 352916
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4500
twheat@foley.com

Michelle A. Freeman (*pro hac vice* forthcoming)
Michigan Bar No. P79790
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
313.234.7100
mfreeman@foley.com

*Attorneys for Defendants The Lisinski Law Firm, LLC; Angelyne E. Lisinski and Juan Chinchilla*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EVA ACEVEDO ORTEGA, VERONICA ALEJANDRA LOPEZ GUZMAN,** and **ERIK DAVID MARTINEZ,** individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

**THE LISINSKI LAW FIRM, LLC,** an Ohio Limited Liability Company; **ANGELYNE E. LISINSKI,** an individual; **JUAN CHINCHILLA,** an individual; and **REA SINGH,** an individual,

*Defendants*.

Case No. 2:26-cv-00644-DRC-KAJ

District Judge Douglas R. Cole

Magistrate Judge Kimberly A. Jolson

Defendants' The Lisinksi Law Firm, LLC's, Angelyne E. Lisinski and Juan Chinchilla's Brief in Support of Motion for Summary Judgment

**TABLE OF CONTENTS**

I. The RICO Claims (Counts I and II) Fail……………………………………………6
A. No Conduct or Participation and No Distinct Enterprise Are Pleaded. 6
B. No Pattern of Racketeering Because No Predicate Act Is Adequately Pleaded. 6
C. Plaintiffs Fail to Plead Causation. 8
D. No Claim Is Stated for RICO Conspiracy. 8
E. *Noerr-Pennington* Protects Petitioning Activity (i.e., USCIS Applications). 9

II. Count III: Ohio Law Bars Independent Fiduciary-Duty Claims Against Attorneys. 9

III. Count IV: The CCPA Claim Fails. 9

IV. Plaintiffs Lack Standing for Injunctive Relief. 10

**TABLE OF AUTHORITIES**

137 F.4th 454, 486 (6th Cir. 2025) ... 7

150–52; *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 409 (6th Cir. 2012). ... 7

46–47, 170 (Lopez Guzman) ... 7

*Allstate Ins. Co. v. Cruz*, 733 F. Supp. 3d 1098, 1110–11 (D. Colo. 2024) ... 10

*Am. BioCare*, 702 F. App'x at 422–23. ... 7

*Am. BioCare*, 702 F. App'x at 423. ... 9

*Beck v. Prupis*, 529 U.S. 494, 505–06 (2000) ... 9

*Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781–82 (6th Cir. 2000) ... 7

C.R.S. § 6-1-105(1)(e), (1)(rrr), (4)(b) ... 10

*Crowe v. Tull*, 126 P.3d 196, 200, 204 (Colo. 2006) ... 10

*Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). ... 10

*EQMD, Inc. v. Farm Bureau Gen. Ins. Co. of Mich.*, 2021 WL 843145, at *4 (E.D. Mich. Mar. 5, 2021) ... 9

FAC ¶¶ 171, 206; *EQMD*, 2021 WL 843145, at *6 & n.2. ... 9

*Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 178 (1999). ... 10

*Gen. Steel Domestic Sales, LLC v. Hogan & Hartson, LLP*, 230 P.3d 1275, 1279 (Colo. App. 2010). ... 10

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) ... 7

*Holmes*, 503 U.S. at 268. ... 9

*Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1040 (N.D. Ohio 2013) ... 9

*Kann v. United States*, 323 U.S. 88, 94–95 (1944). .......... 8

*Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 604–06 (E.D. Mich. 2015) .......... 7

*Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *3 (6th Cir. Jan. 13, 2009). Section 1962 .......... 6

*Muir v. Hadler Real Est. Mgmt. Co.*, 4 Ohio App. 3d 89, 90 (1982) .......... 10

*Omega Riggers & Erectors, Inc. v. Koverman*, 65 N.E.3d 210, 223 (Ohio Ct. App. 2016). .......... 9

*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783 .......... 6

*Park Rise Homeowners Ass'n v. Res. Constr. Co.*, 155 P.3d 427, 435 (Colo. App. 2006). .......... 10

*Penn*, 2011 WL 2118072, at *13, .......... 8

*Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-993, 2011 WL 2118072, at *13 (S.D. Ohio May 27, 2011) .......... 7

*Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1113–14 (D. Colo. 2018) .......... 10

*Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) .......... 6

Rule 12(b)(6) or, alternatively, Rule 12(f). .......... 10

*Rumley v. Buckingham, Doolittle & Burroughs*, 129 Ohio App. 3d 638, 641 (1998) .......... 10

*See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). .......... 11

*Shields v. UnumProvident Corp.*, 415 F. App'x 686, 691 (6th Cir. 2011) .......... 7

*United States v. Faulkenberry*, 614 F.3d 573, 581 (6th Cir. 2010). .......... 8

*United States v. Householder*, .......... 7

*United States v. Turner*, 465 F.3d 667, 680 (6th Cir. 2006). .......... 8

*Well Augmentation Subdistrict v. City of Aurora*, 221 P.3d 399, 419 (Colo. 2009); .......... 10

*Wozniak v. Sinsel*, No. 1:07 CV 2917, 2007 WL 4510262, at *3 (N.D. Ohio Dec. 18, 2007). .......... 7

**Summary of Argument per S.D. Civ. R. 7.2(a)(3)**

**The RICO Claims (Counts I and II) Fail.**

The Sixth Circuit finds it "extremely difficult to fathom" how an attorney could incur RICO liability by providing conventional advice or performing ordinary legal tasks. *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *3 (6th Cir. Jan. 13, 2009). Section 1962(c) requires conduct of an enterprise through a pattern of racketeering that injures business or property. *Am. BioCare Inc. v. Howard & Howard Att'ys PLLC*, 702 F. App'x 416, 421 (6th Cir. 2017).

**No Conduct or Participation and No Distinct Enterprise Are Pleaded.**

A defendant must operate or manage the enterprise's affairs, not merely conduct her own affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 792 (6th Cir. 2012). Traditional legal services do not qualify. *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-993, 2011 WL 2118072, at *13 (S.D. Ohio May 27, 2011). Nor is LLF distinct from an alleged enterprise comprising its owner, employees, vendors, and departments. An organization "cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself." *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781–82 (6th Cir. 2000). Merely listing affiliates and contractors does not show a "continuing unit." *Shields v. UnumProvident Corp.*, 415 F. App'x 686, 691 (6th Cir. 2011).

**No Pattern of Racketeering Because No Predicate Act Is Adequately Pleaded.**

A pattern requires at least two predicate acts, and each defendant must personally commit at least two. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *United States v. Householder*, 137 F.4th 454, 486 (6th Cir. 2025); *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 604–06 (E.D. Mich. 2015).

**Mail and wire fraud:** The FAC catalogs TikTok videos but never alleges which video any Plaintiff saw, pleading only exposure to "representations of this kind." FAC ¶ 96. It neither quotes the video Ms. Acevedo Ortega viewed nor identifies the speaker or substance of her intake call, and the other Plaintiffs do not allege viewing any video. *Id.* ¶¶ 146–47, 170 (Lopez Guzman). The core statements were made in person and consist of opinions, predictions, or timing assurances that *Heinrich* found insufficient absent facts plausibly alleging their falsity. *Id.* ¶¶ 150–52; *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 409 (6th Cir. 2012). The Sixth Circuit affirmed Rule 9(b) dismissal of RICO claims against a law firm where, "[d]espite its 76 pages," the complaint never tied a misrepresentation, medium, time, and perpetrator to a single occurrence of fraud. *Am. BioCare*, 702 F. App'x at 422–23. And the Ohio-only calls with Ms. Lopez Guzman are presumed intrastate. FAC ¶¶ 170 (Lopez Guzman), 178; *Wozniak v. Sinsel*, No. 1:07 CV 2917, 2007 WL 4510262, at *3 (N.D. Ohio Dec. 18, 2007).

The payment and mailing theories also fail the "in furtherance" requirement. *United States v. Faulkenberry*, 614 F.3d 573, 581 (6th Cir. 2010). Collecting fees is not wire fraud merely because a client is later dissatisfied, *Penn*, 2011 WL 2118072, at *13, and Ms. Lopez Guzman paid her retainer by check, with no later wire payment alleged. FAC ¶ 178. Ms. Acevedo Ortega signed her contract and paid $8,112 before the May 28, 2025 mailing, and a mailing that occurs after the money has been obtained does not execute the scheme. *Kann v. United States*, 323 U.S. 88, 94–95 (1944). The FAC alleges false statements in the petition, not that the mails were used to deprive Plaintiffs of "money or property." *United States v. Turner*, 465 F.3d 667, 680 (6th Cir. 2006).

**Witness tampering:** The allegations concerning the May 1, 2026 call to an unnamed client identify no official federal proceeding, testimony, witness, or intent to influence a

particular, foreseeable proceeding. FAC ¶ 139; *United States v. Burns*, 298 F.3d 523, 540 (6th Cir. 2002); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005); 18 U.S.C. § 1515(a)(1); *Taborac v. NiSource, Inc.*, 2011 WL 5025214, at *6 (S.D. Ohio Oct. 21, 2011).

**Plaintiffs Fail to Plead Causation.**

RICO requires both but-for and proximate causation: a direct relation between the predicate act and an injury to business or property. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 265–68 (1992); *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9–11 (2010). The FAC pleads neither. Emotional distress and exposure to removal proceedings are personal injuries, not injuries to business or property. *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986). Any economic loss from an adverse immigration outcome depends on USCIS's independent adjudication, which breaks the causal chain, and Plaintiffs disclaim any inquiry into those outcomes. FAC ¶¶ 11, 227; *Hemi*, 559 U.S. at 11. Nor does the FAC connect any payment to a pleaded wire or mailing. The alleged inducements occurred in person, and generic exposure to "representations of this kind" is insufficient. FAC ¶¶ 96, 150–54, 171–74 (Lopez Guzman); *Kerrigan*, 112 F. Supp. 3d at 608–09. The May 1, 2026 call also postdated Plaintiffs' payments. FAC ¶¶ 29, 139, 157–58; *Holmes*, 503 U.S. at 268.

**No Claim Is Stated for RICO Conspiracy.**

Because the Section 1962(c) claim fails, the Section 1962(d) claim fails as well. *Am. BioCare*, 702 F. App'x at 423. The allegation that each Defendant "explicitly agreed" is conclusory and does not identify when, where, or between whom an agreement arose. FAC ¶ 248; *Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1040 (N.D. Ohio 2013). Mr. Chinchilla is tied only to the May 1, 2026 call, which shows neither an agreement to commit two predicate

acts nor an independently wrongful RICO act. FAC ¶¶ 139–44, 249(3); *United States v. Driver*, 535 F.3d 424, 432–33 (6th Cir. 2008); *Beck v. Prupis*, 529 U.S. 494, 505–06 (2000).

***Noerr-Pennington* Protects Petitioning Activity (i.e., USCIS Applications).**

Petitioning USCIS is protected under *Noerr-Pennington* unless objectively baseless. *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525–26 (2002). Courts of appeals apply the doctrine to RICO claims. *EQMD, Inc. v. Farm Bureau Gen. Ins. Co. of Mich.*, 2021 WL 843145, at *4 (E.D. Mich. Mar. 5, 2021) (collecting cases). The FAC alleges only that USCIS rejected applications or denied relief—not that any petition was objectively baseless. FAC ¶¶ 171, 206; *EQMD*, 2021 WL 843145, at *6 & n.2. That omission is especially telling because Plaintiffs disclaim any inquiry into "individual petition merits or immigration outcomes" while relying on alleged petition misstatements as a mail-fraud predicate. FAC ¶ 227.

**Count III: Ohio Law Bars Independent Fiduciary-Duty Claims Against Attorneys.**

"Ohio does not recognize an independent claim for breach of fiduciary duty against an attorney acting in his capacity as attorney and counselor." *Omega Riggers & Erectors, Inc. v. Koverman*, 65 N.E.3d 210, 223 (Ohio Ct. App. 2016). "[M]alpractice by any other name still constitutes malpractice." *Muir v. Hadler Real Est. Mgmt. Co.*, 4 Ohio App. 3d 89, 90 (1982); *Rumley v. Buckingham, Doolittle & Burroughs*, 129 Ohio App. 3d 638, 641 (1998). Plaintiffs' supervision and delegation allegations sound in malpractice, and ethics-rule violations create no private cause of action. *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 178 (1999).

**Count IV: The CCPA Claim Fails.**

A CCPA claim against a lawyer requires a knowing or reckless deceptive practice in the course of business, significant public impact, and causation. *Crowe v. Tull*, 126 P.3d 196, 200, 204 (Colo. 2006); C.R.S. § 6-1-105(1)(e), (1)(rrr), (4)(b). Because the claim sounds in fraud, it must satisfy Rule 9(b). *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). The claim fails on four grounds. The identified statements are unparticularized or puffery. *Park Rise Homeowners Ass'n v. Res. Constr. Co.*, 155 P.3d 427, 435 (Colo. App. 2006). No facts show the required mental state, and the fee-routing conduct at most supports a contract claim. *Crowe*, 126 P.3d at 204; *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 148 (Colo. 2003). No post is tied to Plaintiffs' injury. *Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1113–14 (D. Colo. 2018). Finally, one identified Colorado consumer does not establish significant public impact; nor can mass advertising establish that element absent a pleaded misrepresentation. *Id.*; *Gen. Steel Domestic Sales, LLC v. Hogan & Hartson, LLP*, 230 P.3d 1275, 1279 (Colo. App. 2010). In addition, a certified class cannot recover treble damages because Section 6-1-113(2) authorizes them "[e]xcept in a class action," while Section 6-1-113(2.9) omits them from class remedies. *Well Augmentation Subdistrict v. City of Aurora*, 221 P.3d 399, 419 (Colo. 2009); *Allstate Ins. Co. v. Cruz*, 733 F. Supp. 3d 1098, 1110–11 (D. Colo. 2024). This purely legal question may be resolved under Rule 12(b)(6) or, alternatively, Rule 12(f).

**Plaintiffs Lack Standing for Injunctive Relief.**

Past exposure to challenged practices does not confer standing for a permanent injunction absent a real and immediate threat of recurrence. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

**CERTIFIFACTE OF SERVICE**

I hereby certify that on October 26, 2026, a copy of forgoing was filed electronically via the Court's CM/ECF filing system and served on all counsel of record.

*/s/ David M. DeVillers*
David M. DeVillers
Trial Attorney

*Counsel for Defendants The Lisinski Law Firm, LLC, Angelyne E. Lisinski, and Juan Chinchilla*

Jason P. Mehta (*pro hac vice* forthcoming)
Florida Bar No. 106110
Foley & Lardner LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
813.225.5424
jmehta@foley.com

Tam C. Wheat (*pro hac vice* forthcoming)
California Bar No. 352916
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4500
twheat@foley.com

Michelle A. Freeman (*pro hac vice* forthcoming)
Michigan Bar No. P79790
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
313.234.7100
mfreeman@foley.com

*Attorneys for Defendants The Lisinski Law Firm, LLC; Angelyne E. Lisinski and Juan Chinchilla*